1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FARAJI LAMONT LEE,                          No.  2:15-cv-1677 KJN P

12              Petitioner,

13         v.                                     ORDER

14   FRED FIGUEROA,

15              Respondent.

16

17   I.  Introduction

18         A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on behalf of

19   petitioner by Ira Lee, petitioner's dad.  Petitioner did not sign the petition.  However, on August

20   17, 2015, petitioner signed and filed a consent to proceed before the undersigned for all purposes.

21   See 28 U.S.C. § 636(c).  On September 4, 2015, pursuant to court order, petitioner also signed

22   and filed a request to proceed in forma pauperis.  Examination of the affidavit reveals petitioner is

23   unable to afford the costs of this action.  Accordingly, leave to proceed in forma pauperis is

24   granted.  28 U.S.C. § 1915(a).

25   II.  "Next Friend" Standing

26         Under the Rules Governing Section 2254 Cases in the United States District Courts, a

27   habeas petition must be "signed under penalty of perjury by the petitioner or by a person

28   authorized to sign it for the petitioner under 28 U.S.C. § 2242."  Rule 2(c)(5).  Typically under

1

1    the rule, the person authorized to sign on behalf of the petitioner is the petitioner's attorney.  See

2    Advisory Committee Notes to Rule 2 of the Rules Governing 2254 Cases.

3          Apart from a petitioner's attorney, a person designated as a petitioner's "next friend"

4    would be authorized to sign a habeas petition on their behalf.  See Whitmore v. Arkansas, 495

5    U.S. 149, 163 (1990).  To qualify for "next friend" status, the person filing the petition on behalf

6    of a petitioner would need to satisfy a two prong analysis.  "Next friends" must first show that the

7    person seeking relief is unable to litigate his or her own cause due to mental incapacity, lack of

8    access to court, or some other disability.  Coalition of Clergy, Lawyers, and Professors v. Bush,

9    310 F.3d 1153, 1159-60 (9th Cir. 2002).  Second, the person claiming standing must demonstrate

10   that they possess some significant relationship with, and is truly dedicated to the best interest of,

11   the person seeking relief.  Id.

12         The United States Supreme Court has recognized that "next friend" status has "long been

13   an accepted basis for jurisdiction in certain circumstances," including habeas petitions.

14   Whitmore, 495 U.S. at 162-63.  However, courts must be critical when deciding to grant such

15   standing.  Due to the high stakes involved, and because successive habeas petitions cannot be

16   filed, district courts must be certain that the habeas petition is authorized by the petitioner.  For

17   example, relatives are frequently granted "next friend" standing.  See Hamdi v. Rumsfeld, 542

18   U.S. 507 (2004) (recognizing "next friend" standing to father on behalf of son held as an enemy

19   combatant); Gilmore v. Utah, 429 U.S. 1012, 1013-14 (1976) (granting "next friend" standing to

20   mother on behalf of prisoner); U.S. ex rel. Toth v. Quarles, 350 U.S. 11, 13, 76 S. Ct. 1 (1955)

21   (granting "next friend" standing to sister on behalf of prisoner in Korea).

22         However, the demonstration of a significant relationship with the petitioner alone is not

23   enough, and both elements of the analysis are equally as important.  See, e.g., Demosthenes v.

24   Baal, 495 U.S. 731, 735, 110 S. Ct. 2223 (1990) (denying "next friend" standing to parents on

25   behalf of prisoner when there was no showing of mental incompetence); Brewer v. Lewis, 989

26   F.2d 1021, 1026 (9th Cir. 1993) (holding a mother lacked next friend standing to bring a stay of

27   execution because she failed to show "meaningful evidence that the condemned prisoner was

28   suffering from a mental disease, disorder or defect that substantially affected his capacity to make

2

1    an intelligent decision.") (internal quotations removed) (citing <u>Whitmore</u>, 495 U.S. at 166).

2    Here, although Ira Lee signed the word "Dad," next to the signature on the petition, Mr.

3    Lee does not address why he is attempting to file the petition on petitioner's behalf.  The

4    subsequent filings by petitioner suggest that petitioner wishes to pursue habeas relief, but without

5    his signature on the petition, it is unclear.  Ira Lee explains that this is the second petition he has

6    filed for his son, and appears to seek resentencing for his son based on Proposition 47.  (ECF No.

7    1 at 16.)

8    III.  Prior Habeas Petition

9    An earlier habeas petition, dated November 10, 2014, and also signed by Ira Lee, was

10   dismissed based on petitioner's failure to pay the filing fee or file a request for leave to proceed in

11   forma pauperis.  <u>Lee v. Figueroa</u>, 2:14-cv-2724 MCE AC (E.D. Cal. Feb. 4, 2016).  In the

12   September 21, 2015 order, petitioner was informed as follows:

13
14       The Court must note, however, that it has reviewed both the petition
         filed in this action and the petition that Petitioner filed in case
         number 2:15-cv-01677-KJN. In both actions, it appears that
15       Plaintiff is not seeking habeas relief under 28 U.S.C. § 2254.
         Rather, he appears to be requesting that his felony convictions be
16       resentenced as misdemeanors pursuant to California Proposition 47
         (2014). <u>See</u> ECF No. 1 (invoking Proposition 47 but not otherwise
17       alleging that his custody is in violation of the Constitution, laws, or
         treaties of the United States). Cf. 28 U.S.C. § 2254(a) ("a district
18       court shall entertain an application for a writ of habeas corpus in
         behalf of a person in custody pursuant to the judgment of a State
19       court only on the ground that he is in custody in violation of the
         Constitution or laws or treaties of the United States."). If that
20       reading is correct, Petitioner has filed the wrong petition in the
         wrong court.

21       California Penal Code section 1170.18(a), which became effective
         upon the passage of Proposition 47 in November 2014, provides:
22
         A person currently serving a sentence for a conviction, whether by
23       trial or plea, of a felony or felonies who would have been guilty of a
         misdemeanor under the act that added this section ("this act") had
24       this act been in effect at the time of the offense <u>may petition for a</u>
         <u>recall of sentence before the trial court that entered the judgment of</u>
25       <u>conviction in his or her case to request resentencing</u> in accordance
         with Sections 11350, 11357, or 11377 of the Health and Safety
26       Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal
         Code, as those sections have been amended or added by this act.
27

28

(emphasis added). Thus, if seeking relief under section 1170.18(a), Petitioner should file a petition for recall of sentence in the trial court that entered the judgment of conviction in his case (and not a petition for a writ of habeas corpus in this Court).  Based on the documents attached to the Petition filed in this action, Petitioner should file a petition for recall of sentence in the Solano County Superior Court. See ECF No. 1 at 12 (a felony complaint bearing Petitioner's name and filed in Solano County Superior Court).[FN1]

[FN1:  The Court expresses no opinion on whether Petitioner is eligible for resentencing under section 1170.18(a).}

Lee v. Figueroa, 2:14-cv-02727 MCE AC (ECF No. 10 at 2-3).

Review of Solano County Superior Court records reflects that on September 16, 2015, petitioner's "petition for resentencing pursuant to Cal. Penal Code section 1170.18 was received. People v. Lee, Case No. FCR299992 (Solano County, Cal.), http://courtconnect.solano.courts.ca.gov/courtconnect/, accessed March 21, 2016.  There is no indication on the Solano County docket that a decision has been rendered on the petition.  Id.  If petitioner has not yet received a decision on his petition for resentencing, petitioner should follow up with the Solano County Superior Court.

IV.  Exhaustion of State Court Remedies

In any event, the California Supreme Court reflects no filing on behalf of petitioner.[1]

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1]  The electronic dockets for the California Court of Appeal and the California Supreme Court. California Supreme Court were accessed through California Courts, <http://appellatecases.courtinfo.ca.gov>, accessed March 21, 2016.

[2] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1   V.  Conclusion

2         Because it appears that the state court has not yet ruled on petitioner's request for

3   resentencing, and, accordingly, petitioner has not exhausted his state court remedies as to such

4   claim, it would be futile to grant petitioner leave to amend.  The petition is dismissed without

5   prejudice.[3]

6         Therefore, IT IS HEREBY ORDERED that:

7         1.  Petitioner is granted leave to proceed in forma pauperis;

8         2.  Petitioner's application for writ of habeas corpus is dismissed without prejudice.

9         3.  In addition to serving petitioner, the Clerk of the Court is directed to send petitioner's

10  father a copy of the instant order:  Ira Lee, 2780 North Texas Street, #225, Fairfield, CA  94533.

11  Dated:  March 25, 2016

12

13                                              KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE

14
    /lee1677.114
15

16

17

18

19

20

21

22

23

24

---

25  [3]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations

26  for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
    will start to run on the date on which the state court judgment became final by the conclusion of

27  direct review or the expiration of time for seeking direct review, although the statute of
    limitations is tolled while a properly filed application for state post-conviction or other collateral

28  review is pending.  28 U.S.C. § 2244(d).

5